UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRYAN K. HODGES, ) | |
|   ) | |
|         Plaintiff, ) | |
|   ) | |
| v.   ) | CAUSE NO.: 1:05-CV-349-TS |
|   ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
|   ) | |
|         Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Bryan Hodges appealed the Administrative Law Judge's unfavorable decision regarding his application for Disability Insurance Benefits. The Plaintiff claims he is entitled to Disability Insurance Benefits because he is disabled due to pain in his back and lower body.

This Court referred this matter to Magistrate Judge Cosbey for a report and recommendation on October 30, 2006. Magistrate Judge Cosbey filed his Report and Recommendation on November 13, 2006, recommending that the case be reversed and remanded for further proceedings. The recommendation states that remand is necessary because the ALJ did not support with substantial evidence his opinion that the Plaintiff's testimony was not credible, and the ALJ did not consider the Plaintiff's physician's diagnosis of chronic pain syndrome.

The government objected to the Report and Recommendation on November 29, 2006. The government argues that the ALJ's findings were supported by substantial evidence, and that the ALJ gave good reasons for rejecting the Plaintiff's doctor's opinion. The Plaintiff filed a brief in support of the Report and Recommendation on December 7, 2006.

Because the government has objected to the Magistrate Judge's Report and

Recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

**A.    Whether the ALJ's Finding that the Plaintiff Was Not Credible Is Supported by Substantial Evidence**

Regarding the Plaintiff's credibility, the ALJ stated,

> In considering [the Plaintiff's] activities of daily living, the undersigned notes that the claimant lives alone; however, he states that he is progressively more dependent on assistance. Thus, the [ALJ] finds [the Plaintiff's] allegations regarding his disability not totally credible and are not supported by the objective medical evidence and his medical treatment history.

(R. 16.) The Plaintiff argued, and the Report and Recommendation found, that this credibility determination is deficient because the ALJ's explanation was not sufficiently detailed to allow the court to follow the ALJ's reasoning. The Report and Recommendation stated that the Plaintiff's testimony that he became more dependant on assistance supports his disability claim, and that there is no logical bridge between this evidence and the ALJ's credibility finding.

This Court understands the ALJ to be suggesting that the Plaintiff's claim to be dependant on assistance is not truthful because the Plaintiff lives alone with nobody to help him. However, the ALJ did not point to anything in the record to support his finding that the Plaintiff lives alone or that he has no assistance. Lou Ann Stahlhut testified that she was a resident at "17022 [INAUDIBLE] Road" and that she owned the residence. It appears from the exhibits that the Plaintiff lives at 17022 Wappes Road, which would suggest that Stahlhut lives at the same residence as the Plaintiff. (R. 20.) The Plaintiff testified that he received regular assistance from Stahlhut. Stahlhut "usually has a cinnamon roll or something [in the kitchen] that [the Plaintiff]

2

can get because the medicine makes [him] sick to his stomach." (R. 262.) She also helps him shower:

> [W]hen this lady comes in, no more than two days, I mean, it's kind of rough sometimes, you know I have—I won't take a shower because I've almost fell in the shower and I'm there by myself, and, if something were to happen, then I would be up the creek. So I'll either wait until she gets home and ask her if she would mind watching—I leave the door open, you know, keep an eye on me right here, you know, and then she'll come in, I guess we're all adults, but she gets to see me like that because I can't bend over to get myself dried off and my underwear on. So, I mean, she's been married before she seen a man, so she helps me get the underwear on and helps me.

(R. 263.) Stahlhut testified that "I can't be there all the time to help him out so he has to do the best he can do when I'm not around. And I try to cook a meal for him every day when I get home from work so he'd at least have one good meal." (R. 271.) The Court's review of the record shows no evidence to justify the ALJ's finding that the Plaintiff lives alone or that he is not truthful in testifying that he needs assistance. The Court cannot make its own credibility determination or say that the ALJ's decision was incorrect; it only notes that the ALJ did not logically and accurately explain his finding or support the credibility determination with any evidence. *Ribaudo v. Barnhart*, 458 F.3d 580, 585 (7th Cir. 2006) (holding that ALJ's failure to provide a sound basis for an adverse credibility finding requires remand); Social Security Ruling 96-7p (stating that the ALJ's "decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight").

The ALJ also does not explain which of the Plaintiff's allegations are not supported by the objective medical evidence or medical treatment history, or what parts of the objective medical evidence and treatment history weigh against the Plaintiff's allegations. The ALJ failed

3

to state specifically why he did not find the Plaintiff's claims regarding his disability to be credible. *Zurawski v. Halter*, 245 F.3d 881, 887 (2001) (holding an ALJ's explanation of a credibility finding to be inadequate where he stated only that the plaintiff's complaints of pain were "not entirely credible due to the inconsistencies with the objective medical evidence, and inconsistencies with daily activities."). Like the *Zurawski* court, this Court is "left to ponder what exactly are these 'inconsistencies' because the ALJ provided no further explanation." *Id.*

The government argues that the ALJ's credibility determination is supported by medical evidence contradicting the Plaintiff's testimony. The Plaintiff's former physician, Doctor Boylan, ordered a functional capacity evaluation for the Plaintiff, and the evaluation found that he was able to perform light work. The ALJ credited this evaluation. However, as previously stated, the ALJ was required to consider the extent to which the Plaintiff's pain affected his ability to work, and in doing so, he did not adequately state why he found the Plaintiff's testimony not credible.

The Court overrules the government's objection to the Magistrate Judge's Report and Recommendation.

**B.     Whether the ALJ Considered Doctor Johnson's Medical Opinion**

Doctor Johnson, the Plaintiff's doctor, diagnosed the Plaintiff with chronic pain syndrome. The ALJ did not specifically mention "chronic pain syndrome" in his opinion. He discussed Johnson's evaluations of the Plaintiff's ability to work, and concluded that "Dr. Johnson's evaluations are not consistent with the record of the whole." (R. 15.) The Report and

Recommendation found the ALJ's failure to discuss the chronic pain diagnosis to be a violation of the requirement that the ALJ consider all of a claimant's medical impairments, regardless of severity. The Report and Recommendation noted that chronic pain syndrome contains psychological and physical components, and the ALJ did not discuss how these components in combination affected the Plaintiff's ability to work.

Because the ALJ did not address Johnson's diagnosis of chronic pain syndrome, the Court agrees that it is unclear whether the ALJ considered all of the Plaintiff's "medically determinable impairments of which [the ALJ] is aware, including . . . medically determinable impairments that are not 'severe.'" 20 C.F.R. § 404.1545(a)(2). The government argues that Johnson randomly alternated between the diagnoses of chronic low back syndrome and chronic pain syndrome, so analysis of the diagnosis was not required. However, the ALJ did not cite this as a reason for ignoring chronic pain syndrome. If Johnson's confusion between chronic pain syndrome and chronic low back syndrome affects the accuracy of Johnson's diagnosis, the ALJ should give this as a reason for finding Johnson's diagnosis unreliable.

For these reasons, the government's objection to the Magistrate Judge's Report and Recommendation is OVERRULED, and the Court ADOPTS the Report and Recommendation. The Commissioner's decision is REVERSED and the case is REMANDED to the Commissioner for further proceedings in accordance with the this Opinion and the Magistrate Judge's Report and Recommendation.

SO ORDERED on May 14, 2007.

/s/ Thersea L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT