UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| BRYAN K. HODGES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 1-05-CV-349-TS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION & ORDER**

This matter is before the Court on the Plaintiff's Motion for Award of Attorney's Fees [DE 28], Motion to Supplement Fee Petition [DE 29], and Motion to Amend Petition [DE 34]. The government responded in opposition to the motion for attorney's fees [DE 30]. The government did not respond to the two other motions.

**BACKGROUND**

The Plaintiff has worked as an electrician and welder for twenty-six years, (Soc. Sec. Admin. R. 118), and he injured his back while bending over to pick up a pipe at work on June 10, 2000. (*Id.* at 14.) He filed an application for Disability Insurance Benefits on October 31, 2002, alleging an onset date of October 13, 2000. (*Id.* at 14, 29). He had back surgery in November 2000, and claims he has not been able work since that time. (*Id.* at 118.) The claim was denied initially and on reconsideration.

The Plaintiff requested a hearing, which an Administrative Law Judge (ALJ) held on November 10, 2004, in Fort Wayne, Indiana. The Plaintiff was represented by counsel at the

hearing, and the ALJ heard testimony from the Plaintiff, Lou Ann Stahlhut (the Plaintiff's landlord), and Dr. Robert Barkhaus (a vocational expert). After the hearing, the ALJ concluded that the Plaintiff "is not disabled within the meaning of the Social Security Act." In support of this conclusion, the ALJ noted the following:

> In considering the claimant's activities of daily living, the undersigned notes that the claimant lives alone; however, he states that he is progressively more dependent on assistance (Exhibit 4E). Thus, the Administrative Law Judge finds the claimant's allegations regarding his disability are not totally credible and are not supported by the objective medical evidence and his medical treatment history.

(*Id.* at 13.) The ALJ also discussed the evaluation of Dr. Philip Johnson, the Plaintiff's doctor, and concluded that "Dr. Johnson's evaluations are not consistent with the record of the whole." (*Id.* at 15.) While the ALJ discussed Dr. Johnson's evaluations of the Plaintiff's ability to work, he did not specifically mention Dr. Johnson's diagnosis of "chronic pain syndrome." The ALJ accepted the medical opinions of Dr. Boylan and Dr. Lopez, both of whom examined the Plaintiff, in reaching his conclusion. (*Id.*)

The Appeals Council denied the Plaintiff's request for review. (*Id.* at 3.) The Plaintiff applied to this Court for review of the unfavorable decision regarding his application for Disability Insurance Benefits. The Plaintiff claims he is entitled to Disability Insurance Benefits because pain in his back and lower body has rendered him disabled. This Court referred the matter to Magistrate Judge Cosbey for a report and recommendation. Magistrate Judge Cosbey's recommendation stated that remand was necessary because the ALJ did not support with substantial evidence his opinion that the Plaintiff's testimony was not credible, and the ALJ did not consider the Plaintiff's physician's diagnosis of chronic pain syndrome.

The government objected to the Report and Recommendation, arguing that the ALJ's

2

findings were supported by substantial evidence, and that the ALJ gave good reasons for rejecting the Plaintiff's doctor's opinion. The Court overruled the government's objections. As for the credibility findings, the Court found a "review of the record shows no evidence to justify the ALJ's finding that the Plaintiff lives alone or that he is not truthful in testifying that he needs assistance." (Op. & Order 3, DE 26.) The Court observed that the "ALJ does not explain which of the Plaintiff's allegations are not supported by the objective medical evidence or medical treatment history, or what parts of the objective medical evidence and treatment history weigh against the Plaintiff's allegations." (*Id.*) Furthermore, the "ALJ failed to state specifically why he did not find the Plaintiff's claims regarding his disability to be credible." (*Id.* at 4.)

The Court also found that the ALJ failed to consider the Plaintiff's physician's diagnosis of chronic pain syndrome. The Court stated that "[b]ecause the ALJ did not address Johnson's diagnosis of chronic pain syndrome, the Court agrees that it is unclear whether the ALJ considered all of the Plaintiff's 'medically determinable impairments of which [the ALJ] is aware . . . ." *(Id.* at 5.)

Because he was the prevailing party in his appeal from the final decision of the Commissioner, the Plaintiff moved for an award of $7,375.31 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Plaintiff later moved to amend this request to include work expended on the EAJA petition for attorney's fees. The Plaintiff now requests $9,026.71 in attorney's fees. The government responds that an award of fees in not appropriate because the government's position was substantially justified. In the alternative, the government argues that the amount of the requested fees is not reasonable. The government contends that the fee petition does not evidence "billing judgment."

3

**DISCUSSION**

The EAJA provides for an award of reasonable attorney's fees and expenses to a "prevailing party in any civil action brought . . . against the United States or any agency or any official of the United States, " 28 U.S.C. § 2412(b), where the government's position was not "substantially justified," and no "special circumstances make an award unjust, 28 U.S.C. § 2412(d)(1)(A). This language and remaining provisions of the statute grant district courts the discretion to award attorney's fees if four elements are established. First, the claimant is a "prevailing party." *Golembiewski v. Barnhart*, 382 F.3d 721, 723 (7th Cir. 2004). Second, the government's position was not substantially justified. *Id.* Third, there are no special circumstances making an award unjust. *Id.* at 723–24. Finally, the fee application is submitted to the Court within thirty days of final judgment and is supported by an itemized statement. *Id.* at 724. The parties are in agreement that regarding the Plaintiff's entitlement to attorney's fees, only the issue of whether the government's position was substantially justified is in dispute.

**A.    Substantially Justified Standard**

"Although there is no presumption that a prevailing party against the government will recover attorney's fees under the EAJA, the government bears the burden of proving that its position meets the substantially justified standard." *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000) (citations omitted). The government's position was "substantially justified" if it had a reasonable basis both in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The position must be "justified to a degree that could satisfy a reasonable person." *Id.* at 565. The Commissioner's position must be stronger than merely non-

4

frivolous. *Id.* at 565–66. On the other hand, the Commissioner's position need not have been correct. *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996) (quoting *Pierce*, 487 U.S. at 566 n.2). Substantially justified does not mean justified to a "high degree," and the standard of substantially justified is satisfied if there is a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992).

EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position were not substantially justified. *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). "However, the district court is to make only one determination for the entire civil action." *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). "Thus, fees may be awarded in cases where the government's pre-litigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa. In other words, the fact that the government's litigating position was substantially justified does not necessarily offset prelitigation conduct that was without a reasonable basis." *Marcus*, 17 F.3d at 1036. A decision by an ALJ constitutes part of the agency's prelitigation conduct. *Golembiewski*, 382 F.3d at 724 (citing *Sutton v. Chater*, 944 F. Supp. 638, 639 (N.D. Ill. 1996)).

The Seventh Circuit has set forth a three-part standard for reviewing the government's position. *Hallmark Constr. Co.*, 200 F.3d at 1080. The government must show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded. *Id.*; *see also Golembiewski*, 382 F.3d at 724.

**B.     Analysis of Government's Position Throughout the Litigation**

The basis for remand in this case was that the ALJ did not support with substantial evidence his opinion that the Plaintiff's testimony was not credible, and the ALJ did not discuss the Plaintiff's physician's chronic pain syndrome diagnosis. The ALJ's failure to adequately articulate the reasons for a benefits decision by itself does not automatically require a finding that the ALJ's overall position was not substantially justified. *Stein*, 966 F.2d at 320 ("That the ALJ failed to meet this articulation requirement in no way necessitates a finding that the Secretary's position was not substantially justified."). This is because "the level of articulation required is far from precise . . . [and] [t]he requirement that the ALJ articulate his consideration of the evidence is deliberately flexible." *Id.* at 319. In this case the Court found that the ALJ's opinion was not sufficiently developed for this Court to evaluate whether substantial evidence supports the ALJ's conclusion. (Op. & Order 2, DE 26) ("[T]he ALJ's explanation was not sufficiently detailed to allow the court to follow the ALJ's reasoning.")

The Court must make one determination of whether the government has proceeded with substantial justification throughout the entire civil action. *Marcus*, 17 F.3d at 1036. The ALJ's opinion did not adequately articulate its reasons for concluding that the Plaintiff's testimony lacked credibility, and he did not adequately discuss the chronic pain syndrome diagnosis. This was a mistake, and remand was necessary. This mistake does not by itself render the government's position throughout the litigation not substantially justified. There has been no showing that the government's position has otherwise lacked a reasonable basis in truth for the facts alleged, a reasonable basis in law for the theory propounded, and a reasonable connection between the facts alleged and the legal theory propounded. *Hallmark Constr. Co.*, 200 F.3d at

6

1080.

It is useful to contrast this case with a case where it was appropriate to award attorney's fees under the EAJA. In *Golembiewski v. Barnhart*, the ALJ improperly discredited the petitioner's testimony without explaining the reasons for rejecting the testimony, mischaracterized the evidence, and failed to consider "an entire constellation of ailments" affecting the petitioner after finding that one or more of the ailments was severe. 382 F.3d 721, 723 (7th Cir. 2004). Here, the ALJ gave some reasons for discrediting the Plaintiff's testimony. His reasoning was just not adequately developed so that this Court could follow it. The ALJ "did not specifically mention 'chronic pain syndrome' in his opinion," (Op. & Order 4, DE 26), but that is quite different from ignoring "an entire constellation of ailments," *Golembiewski*, 382 F.3d at 723. There is also no suggestion that the ALJ mischaracterized the evidence.

This case is more like *Cunningham v. Barnhart*, 440 F.3d 862 (7th Cir. 2006). In *Cunningham*, the petitioner's application for disability benefits with the Social Security Administration was denied. The ALJ found that the petitioner's allegations of pain and related job limitations were not credible, and the ALJ discounted the supporting opinions of the petitioner's treating physician because they relied too much on the petitioner's subjective reports of symptoms and limitations and because the physician's opinions were out of proportion with other medical evidence. Because the ALJ did not adequately describe the medical evidence that led to the ALJ's conclusions, and because the ALJ did not properly assess Cunningham's credibility, "[t]he court remanded for 'further articulation of the analysis.'" *Cunningham*, 440 F.3d at 863. The district court and the Seventh Circuit concluded that in such a case "the Commissioner's position was substantially justified, even though the ALJ was not as thorough in

7

his analysis as he could have been." *Id.* at 865. Because the government's position was substantially justified, attorney's fees were not awarded.

Admittedly, this case is not exactly like *Cunningham* either, although it is closer to *Cunningham* than *Golembiewski*. In *Cunningham* the ALJ did not "completely ignore[] evidence," *id.* at 864, whereas the ALJ in this case may have ignored the chronic pain syndrome diagnosis. However, that alone is not enough to compel the same result as *Golembiewski*. This case and *Golembiewski* are distinguishable in the same manner as the Seventh Circuit distinguished *Cunningham* and *Golembiewski*: "In short, the ALJ's decision in *Golembiewski* contained several significant flaws that are not present in [the pending] case. The situation in *Golembiewski* is too far removed . . . to lead to the same result." *Id.* at 864. As such, the Court finds that the government's position was substantially justified.

The Plaintiff points to *Scott v. Barnhart*, No. 99 C 4651, 2003 WL 1524624, at *4 (N.D. Ill. March 21, 2003) (quoting *Hallmark Constr.*, 200 F.3d at 1080)), for the proposition that "where a court cannot determine whether the Commissioner's position is grounded in a reasonable connection between the facts alleged and the legal theory advanced, the court cannot determine whether the Commissioner had a 'rational ground for thinking it had a rational ground for its action.'" This proposition is in tension with the Seventh Circuit's statement that an ALJ's failure to meet the articulation requirement does not necessitate a finding that the Commissioner's position was not substantially justified. *Stein*, 966 F.2d at 320. The *Scott* court distinguished its case by noting that in *Stein* there was merely "some contrary evidence that the Secretary failed to consider, or at least to articulate that he considered." *Scott*, 2003 WL 1524624, at *6. On the other hand, in *Scott* the ALJ's decision failed "to discuss the analytical

8

framework critical to the application under review." *Id.*

This case is more like *Stein* than *Scott*. As in *Stein*, the ALJ either failed to consider or failed to articulate that he considered a piece of evidence (the chronic pain syndrome diagnosis). As for the discussion of the Plaintiff's credibility, the ALJ did discuss reasons for his finding, just not in a clear enough manner. Unlike in *Scott*, the ALJ in this case did not fail to discuss the key analytical framework critical to the application under review.

It is worth emphasizing that the Court is not finding, at this juncture, that the ALJ's conclusions are supported by substantial evidence. The Court is merely finding that the government's position is substantially justified under the EAJA such that an award of attorney's fees would be inappropriate.

**ORDER**

For the reasons stated in this opinion, the Plaintiff's Motion for Award of Attorney Fees [DE 28] is DENIED. The Plaintiff's Motion to Supplement EAJA Fee Petition [DE 29] and Plaintiff's Motion to Amend EAJA Petition to Include Hours Expended on Fee Petition [DE 34] are DENIED as moot.

SO ORDERED on February 22, 2008.

            s/ Theresa L. Springmann
           THERESA L. SPRINGMANN
           UNITED STATES DISTRICT COURT